UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-1276-WJM-MEH

THE ESTATE OF JAMES STRONG JR.,
LANHISHA RICHMOND, Individually and as Natural Parent of minors J.S. and T.S.R.,
MARCUS STRONG, and
HOWARD MITCHELL JR.,

    Plaintiffs,

v.

CITY OF NORTHGLENN, COLORADO,
CITY OF THORNTON, COLORADO,
CITY OF WESTMINSTER, COLORADO,
NICHOLAS WILSON,
JASON SCHLENKER; and
ADAM NIELSEN,

    Defendants.

---

## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

---

Plaintiff's, **THE ESTATE OF JAMES STRONG JR., LANHISA RICHMOND, Individually and as Natural Parent of Minors J.S. and T.S.R., MARCUS STRONG, and HOWARD MITCHELL JR.**, by their attorney, **J. BENTON STEWART II**, Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, move for leave to amend their complaint.

    **AND AS GROUNDS THEREFOR**, Plaintiff's state as follows:

1. Plaintiff's filed their original complaint on May 25, 2017.

2. Plaintiff's filed their amended complaint on August 15, 2017.

1

3. Since the time of the answer of the amended complaint and through discovery it has convinced Plaintiff's co-counsel to withdraw from this matter with permission of the Honorable Court. A rule 12(b) motion was filed by the Defendants on August 29, 2017. The response was filed by Plaintiff's counsel on September 19, 2017. The Court entered an order granting Defendant's motion as to Defendant Nielsen, with prejudice and as to the cities of the Renton and Westminister without prejudice and allowing the Plaintiff's seek leave to amend.

4. This Honorable Court entered an order allowing the second amended complaint to be filed on April 5, 2018.

5. Since that time Plaintiff's counsel has conferred with Defense Counsel and the number of Plaintiff's and claims before this Court has been significantly reduced hating in the clarity of the issues at hand in simplifying the trial process.

6. Plaintiff's proposed second amended complaint would clarify its claims by removing counts there are no longer applicable as well as removing parties that are going to be dismissed from the section.

7. A copy of the amended complaint Plaintiff's seek to file is attached hereto, as provided by local civil rules 15.1.

8. The Court should allow Plaintiff's to file their amended complaint because there has not been undue delay, Defendant's would not be prejudiced, and the amendments would not be futile. Further, this Honorable Court's ruling dated April 5, 2018 dismissing the cities of Torrington and Westchester without prejudiced stated that the Court would allow the Plaintiff's to file this motion for leave to amend.

## Argument

9. Rule 15(a) provides that leave to amend shall be freely given when justice requires. "Leave to amend a complaint should be freely given in the absence of undue delay, bad faith, undue prejudice

to the opposing party, repeated failure to cure deficiencies, or futility." *Richardson v. United States, 193 F.3d 545, 548-49 (D.C. Cir. 1999).* The United States Supreme Court has declared that "this mandate is to be heeded." *Foman v. Davis, 371 U.S. 178, 182 (1962); Davis v. Liberty Mut. Ins. Co., 871 F.2d 1134, 1136 (D.C. Cir. 1989).* Thus, the burden is on the opposing party to show that there is reason to deny leave. In re *Vitamins Antitrust Litigation, 217 F.R.D. 30, 32 (D.D.C. 2003).* The Supreme Court explained that "if the underlying facts or circumstances relied upon by a plaintiff may be a proper source of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman, 371 U.S. at 182*. The law is well-settled that leave to amend a pleading should be denied only where there is undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice, or futility of amendment. *Firestone v. Firestone, 76 F.3d 1205, 1208 (D.C. Cir. 1996).* The grant or denial of leave to amend is committed to the sound discretion of the district court. *Anderson v. USAA Cas. Ins. Co., 218 F.R.D. 307, 310 (D.D.C. 2003).* Defendants could not demonstrate bad faith or dilatory motive on Plaintiffs' part. To the contrary, Plaintiffs seek to amend their claims to more thoroughly frame the relevant constitutional issues before this Court.

10. Plaintiffs are entitled to amend their complaint because there has not been undue delay.
11. Plaintiffs have not unduly delayed in bringing this motion to amend. The United States Court of Appeals for the District of Columbia has held that "[w]here an amendment would do no more than clarify legal theories or make technical corrections . . . delay, without a showing of prejudice, is not a sufficient ground for denying the motion." *Harrison v. Rubin, 174 F.3d 249, 253 (D.C. Cir. 1999); see also Atchinson v. District of Columbia, 73 F.3d 418, 426 (D.C. Cir. 1996)* (holding that in order to determine the severity of the delay, the court considers any resulting prejudice the delay may cause); *Estate of Gaither v. District of Columbia, 272 F.R.D. 248, 252 (D.D.C. 2011)* ("[T]he

mere passage of time does not preclude amendment—the delay must result in some prejudice to the judicial system or the opposing party."). Plaintiffs' proposed amendment would merely clarify the claims upon which they rely without significantly expanding or altering the scope of this action. In fact the proposed amended complaint does just the opposite it significantly reduces the scope and parties to this action . Even should defendants claim that there was undue delay in Plaintiffs' attempt to amend their complaint, any alleged delay has been slight, particularly since this case is still at an early stage in litigation. Thus, there is no risk or unduly increasing discovery or delaying trial. *N. Am. Catholic Educ. Programming Found., Inc v. Womble, Carlyle, Sandridge & Rice, PLLC*, 887 F. Supp. 2d 78, 83 (D.D.C. 2012); *Heller v. District of Columbia*, No. 08-1289, 2013 U.S. Dist. LEXIS 38833, at *8 (D.D.C. Mar. 20, 2013) ("A case's position along the litigation path proves particularly important in that [hardship] inquiry: the further the case has progressed, the more likely the opposing party is to have relied on the unamended pleadings."); *Harrison*, 174 F.3d at 253. In fact, courts have granted leave to amend even after plaintiffs had "five previous attempts to state [a] cognizable claim . . . because [the] Federal Rules suggest [that the] 'artless drafting of a complaint should not allow for the artful dodging of a claim.'" *Driscoll v. George Washington Case 1:13-cv-00037-KBJ Document 23 Filed 07/30/13 Page 3 of 6 4 Univ.*, No. 12-0690, 2012 U.S. Dist. LEXIS 127870, at *7 (D.D.C. Sept. 10, 2012) (alteration in original) (quoting Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery, 72 F.R.D. 556, 561 (S.D.N.Y. 1976)). There is thus no undue delay, and plaintiffs should be allowed to file their amended complaint.

12. Plaintiffs are entitled to amend their complaint because defendants will not be prejudiced.
13. Defendants will not be prejudiced by Plaintiffs' amended complaint. The "'liberal concepts of notice pleading" is to make the defendant aware of the facts." *Harrison, 174 F.3d at 253* (emphasis added) (quoting Hanson v. Hoffman, 628 F.2d 42, 53 (D.C. Cir. 1980)). Accordingly, a plaintiff is

not bound by the legal theories originally alleged unless a defendant is prejudiced on the merits. Id. Defendants will not be "required to engage in significant new preparation" in responding to Plaintiffs' claims.

14. Plaintiffs in this case seek to refine their claims of the harms they suffered from defendants' behavior described in the complaint.

15. Plaintiffs are entitled to amend their complaint because their amendments would not be futile.

16. Plaintiffs' proposed amendments are not futile. "A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States, 677 F.3d 471, 480 (D.C. Cir. 2012) (citing James Madison Ltd by Hecht v. Ludwig, 82 F.3d 1085, 1099 (D.C. Cir. 1996)).* In order to survive a motion to dismiss, a complaint must have facial plausibility allowing the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal, 556 U.S. 662 (2009).* The court must construe the complaint in favor of the plaintiff and grant plaintiff the benefit of all inferences derived from the facts. *Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979).* The amendments Plaintiffs seek to make to their complaint are thus not futile and should be permitted.

### Conclusion

For the foregoing reasons, Plaintiffs request that the Court grant it leave to file the attached Second Amended Complaint.

Respectfully Submitted,

*/s J. Benton Stewart II* _____
J. Benton Stewart II
Florida Bar No.: 0126969
11705 Boyette Road
Suite 205
Riverview Florida, 33569
P: 813.354.6446
bstewart@trialwork.net

## CERTIFICATE OF SERVICE

     I hereby certify that on May 31, 2018, I electronically filed the foregoing *Amended Complaint* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

*Thomas Rice*
*Eric M. Ziporin*
Senter Goldfarb & Rice, LLC
3900 East Mexico Avenue, Suite 700
Denver, Colorado 80210
Telephone: 303-320-0509
*Attorney for Defendants City of Northglenn, City of Westminster, City of Thornton, Nicholas Wilson, and Jason Schlenker*

                                                     /s *J. Benton Stewart II*
                                                      **J. Benton Stewart II**