IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01276-WJM-MEH

ESTATE OF JAMES STRONG, JR.,
LANHISHA RICHMOND, individually and as natural parent of minors J.S. and T.S.R.,
MARCUS STRONG, and
HOWARD MITCHELL, JR.,

    Plaintiffs,

v.

CITY OF NORTHGLENN, COLORADO,
CITY OF THORNTON, COLORADO,
CITY OF WESTMINSTER, COLORADO,
NICHOLAS WILSON,
JASON SCHLENKER, and
ADAM NIELSEN,

    Defendants.

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

On May 17, 2018, pursuant to this Court's Practice Standard I.C., defense counsel emailed the Court (and copied to Plaintiffs' counsel) requesting a discovery conference to discuss Plaintiff Marcus Strong's[1] failure to appear for his deposition on January 31, 2018. The Court responded by email seeking counsels' availability for the following week, but received no response from Plaintiffs' counsel; thus, the Court set a telephone conference for May 24, 2018 directing counsel to teleconference together first before calling the Court. Order, ECF No. 66. Despite notification by email and order, Plaintiffs' counsel did not appear for the May 24, 2018 conference. Minutes,

---

[1] Because "Strong" is the name of other Plaintiffs in this case, the Court will refer to Marcus Strong by his first and last name throughout this order.

ECF No. 68. That same day, Defendants filed the present motion for sanctions pursuant to Fed. R. Civ. P. 37(d) for Marcus Strong's failure to appear at his deposition. ECF No. 67. Then, on June 4, 2018, this Court issued an order for Plaintiffs to show cause why the motion should not be granted and fees awarded against the Plaintiffs for their failure to appear at the May 24, 2018 conference. ECF No. 75.

On June 14, 2018, Plaintiffs filed a response to the order to show cause explaining that counsel "missed [defense counsel's] call" just prior to the conference and attempted to call defense counsel, but was told defense counsel was out of the office until the following week. Resp. ¶¶ 6, 7, ECF No. 80. Plaintiffs asked that the Court discharge the show cause order as counsel "made every attempt to attend the schedule[d] telephone conference." *Id.* ¶ 9. While the Court believes that Plaintiffs' counsel could (and should) have called the Court directly when he was unable to reach defense counsel, the Court will nonetheless **discharge**[2] the order to show cause for Plaintiffs' failure to appear at the discovery conference.

Notably, Plaintiffs mentioned nothing about the motion for sanctions in their response, nor filed a separate response brief opposing the motion for sanctions within the time required by D.C. Colo. LCivR 7.1(d). As such, the Court finds the motion is unopposed.

"Rule 37(d)(1)(A)(i) authorizes a district court to impose sanctions if a party fails to appear for his deposition after being served with proper notice." *Smith v. McKune*, 345 F. App'x 317, 318 n.1 (10th Cir. 2009). "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing

---

[2]The Court notes that, at the conference, defense counsel stated his preference to file the motion for sanctions rather than have this Court issue a recommendation for dismissal of the Plaintiffs' claims as a sanction for Plaintiffs' failure to appear that day.

to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). "Sanctions for failure to appear 'may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi),' which includes dismissing the action in whole." *McKune*, 345 F. App'x at 318 (citing Fed. R. Civ. P. 37(b)(2)(A)(v), 37(d)(3)).

"Because dismissal of an action with prejudice is a drastic sanction that should be employed only as a last resort, it is appropriate only in cases of willful misconduct." *Id.* (citing *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009) and *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir.1992)) (internal quotation marks omitted). Accordingly, before dismissing a case under Rule 37, a district court

> should ordinarily consider a number of factors, including: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Id.* (citation omitted).

In this case, Defendant produced a copy of the December 17, 2017 Notice of Videotaped Deposition of Marcus Strong scheduled for January 31, 2018 at defense counsel's office in Denver, Colorado. Notice, ECF No. 67-1. According to Defendant, its counsel conferred with Plaintiffs' counsel following Marcus Strong's non-appearance through "exchanges of emails" and "telephone discussions," then tendered a proposed stipulation for dismissal with prejudice. Mot. 2. Plaintiffs' counsel objected to dismissal with prejudice and "would only agree to a voluntary dismissal" if it was "without prejudice." *Id.* Defendant seeks as sanctions the dismissal of Marcus Strong's claims with prejudice, an award of attorney's fees incurred in filing the motion and preparing for the deposition, and an award of costs associated with canceling the deposition.

3

The Court notes that, while the Plaintiffs have not filed a response opposing the present motion, they have since filed a motion for leave to file a Second Amended Complaint, which identifies Marcus Strong as a "Plaintiff" in the case caption and refers to him as participating in the events that are the subject of the Plaintiffs' claims in this case; however, the proposed pleading does not name Marcus Strong in the "Parties" section of the Second Amended Complaint, nor alleges a claim on his behalf, nor identifies him as having suffered damages as a result of the Defendants' alleged conduct. *See* ECF No. 72-1. Plaintiffs also assert that, in seeking the proposed amendments, they "have not added counts to the complaint but removed several counts to help improve the quality of and expediency of the case." Reply ¶ 9, ECF No. 79. Thus, while Plaintiffs have not *specifically* attempted to remove Marcus Strong as a Plaintiff in this case, it is apparent from the proposed amendments that they seek to abandon his claims. *Compare* ECF No. 72-1 *with* ECF No. 33 (alleging Count 8 on behalf of Marcus Strong).

The Court finds that the proper sanction for Marcus Strong's failure to attend his deposition and failure to make himself available for a deposition thereafter is to dismiss his claims in this case with prejudice. Marcus Strong's refusal to participate in discovery substantially prejudices the Defendant with respect to any claims he may allege. Furthermore, there is no indication that his failure to appear at the deposition was the fault of anyone other than himself. Finally, perhaps knowing that the sanction would be imposed, Plaintiffs appear to have abandoned Marcus Strong's claims in this case.

In addition, neither Marcus Strong nor his counsel have provided the Court with any information that might mitigate their responsibility for the fees and costs incurred as a result of Marcus Strong's failure to attend his deposition. Therefore, the Court will award the Defendant

4

costs in the amount of $350.00 (*see* ECF Nos. 67-2 *and* 67-3) and its reasonable attorney's fees for preparing for the deposition and drafting the present motion. Defendant shall file an affidavit in accordance with D.C. Colo. LCivR 54.3 on or before June 29, 2018, and the Plaintiffs may file a response challenging the reasonableness of the fees within fourteen days after the affidavit is served.

THEREFORE, this Court respectfully recommends that Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(d) [filed May 24, 2018; ECF No. 67] is **granted** and that the District Court dismiss Marcus Strong's claims with prejudice.[3] In addition, the Court orders an award of costs and attorney's fees as set forth herein.

Further, the Court **discharges** its Order to Show Cause issued June 4, 2018 [ECF No. 75].

Dated this 21st day of June, 2018, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[3]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991)).