**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 17-cv-1276-WJM-MEH

ESTATE OF JAMES STRONG, JR.
LANHISHA RICHMOND, individually and as natural parent of minors J.S. and T.S.R.,
MARCUS STRONG, and
HOWARD MITCHELL, JR.,

    Plaintiffs,

v.

CITY OF NORTHGLENN, COLORADO,
CITY OF THORNTON, COLORADO,
CITY OF WESTMINSTER, COLORADO,
NICHOLAS WILSON,
JASON SCHLENKER, and
ADAM NIELSEN,

    Defendants.

---

## ORDER DENYING PLAINTIFFS' MOTION FOR
## LEAVE TO FILE SECOND AMENDED COMPLAINT

---

This civil rights action seeks to hold various police departments in Colorado and certain of their employees accountable for the shooting death of James Strong, Jr. ("Strong"), who died during a search of his home in May 2015. This matter is currently before the Court on Plaintiffs' Motion for Leave to File a Second Amended Complaint (the "Motion"). (ECF No. 72.) Defendants oppose the Motion. For the reasons explained below, Plaintiffs' Motion is denied but Plaintiffs are once again, for a final time, permitted to file a motion for leave to file an amended complaint.

# I. BACKGROUND

The Court incorporates by reference its discussion of the factual background of this action in its Order Granting Defendants' Partial Motion to Dismiss (ECF No. 59). In short, this action arises out of the fatal shooting of Strong by the police in May 2015. (ECF No. 33 ¶¶ 5–6, 18–19.) On May 29, 2015, Strong and his common-law wife Lanhisha Richmond ("Richmond") were asleep in their home in Northglenn, Colorado, along with minor children J.S. and T.S.R., Strong's brother Marcus Strong, and friend Howard Mitchell, Jr. (*Id.* ¶¶ 7–10, 18.) Police officers, including Defendants Nicholas Wilson ("Wilson"), an officer with the Northglenn Police Department, and Defendant Jason Schlenker ("Schlenker"), an officer with the Thornton Police Department, entered the home, acting on a "no knock warrant" issued nine days earlier to lead investigator Adam Nielsen ("Nielsen"), an employee of Westminster. (*Id.* ¶¶ 15–16, 25, 31, 40.)

Strong picked up a gun and fired two shots when an "intruder" began to enter the bedroom. (*Id.* ¶¶ 21, 25.) The person was Officer Wilson, who fired his weapon at Strong. (*Id.* ¶ 26.) Strong fell to the floor and fired a third shot. (*Id.*) Wilson continued firing at Strong, "through the bedroom wall as he retreated down the hall." (*Id.* ¶ 27.) Schlenker then entered the bedroom and repeatedly shot Strong with a .233 caliber rifle. (*Id.* ¶ 31.) Strong had multiple gunshot wounds and died from the resulting injuries. (*Id.* ¶ 38.) Richmond, Marcus Strong, and Howard Mitchell, Jr., the three adults in the home at the time, were handcuffed and jailed, and the minor children placed in state custody. (*Id.* ¶ 45.)

Plaintiffs filed their Complaint on May 25, 2017 (ECF No. 1) and an Amended

Complaint on August 15, 2017 (ECF No. 33).  The Amended Complaint pled nine claims: excessive force claims brought by the Estate of Strong ("the Estate") against both Wilson and Schlenker (Claims 1 & 2); a claim by the Estate against Nielsen for Failure to Intervene (Claim 3); municipal liability claims by the Estate against the Cities of Northglenn, Thornton, and Westminster ("the Cities") (Claims 4–6); and three separate claims against Wilson and Schlenker for false arrest brought by Richmond on behalf of herself and the minor children (Claim 7), by Marcus Strong (Claim 8), and by Howard Mitchell, Jr. (Claim 9).

In August 2017, Defendants moved to dismiss Claim 3 against Nielsen and Claims 4–6 against the Cities.  (ECF No. 35.)  On April 5, 2018, the Court granted Defendant's motion, and dismissed Claim 3 with prejudice and Claims 4–6 without prejudice ("the Order").  (ECF No. 59 at 18–19.)  The Court also granted Plaintiffs leave to file a second amended complaint "no later than **May 31, 2018** (*i.e.*, simultaneously with the discovery cutoff deadline, as currently extended (*see* ECF No. 52))."  (*Id.* at 19.)

On May 31, 2018, Defendants filed an unopposed Motion for Extension of Time to Complete Discovery for the purpose of taking four additional depositions.  (ECF No. 70.)  On June 1, 2018, U.S. Magistrate Judge Michael E. Hegarty granted Defendant's motion and modified, among other deadlines, the discovery cut-off in the Scheduling Order to June 29, 2018.  (ECF No. 73.)  On that same day, Plaintiffs filed the present Motion seeking leave to amend their complaint.  (ECF No. 72.)

## II. DISCUSSION

A. **Timeliness of Motion for Leave to Amend**

   1. Standards under Rule 15(a) and Rule 16(b)

Federal Rule of Civil Procedure 15(a) states that leave to amend a complaint "shall be granted freely when justice so requires." Fed. R. Civ. P. 15(a). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory move, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Under Rule 16(b)(4), a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Thus, where a motion for leave to amend is filed after the court-ordered deadline, the court engages in a two-step analysis: (1) does the motion meet the requirements of Rule 16(b); and if so, (2) does the motion meet the requirements of Rule 15(a)? *Birch v. Plaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015).

   2. Analysis

Given the Court's wording of the deadline in its Order and the parties' agreement to extend discovery, there is some ambiguity as to the final deadline for amending the complaint.

In the Order, the Court indicated that Plaintiffs would be permitted to amend their complaint until the discovery deadline, recognizing the fact-intensive nature of Plaintiffs' claims and the necessity of discovery into the Cities' policies to set forth a claim of

4

municipal liability. (ECF No. 59 at 19.) On the day of the discovery deadline and deadline for amending the complaint, Defendants submitted an unopposed motion to extend the discovery deadline to take additional depositions, including that of George Mosher, Plaintiffs' police practices expert. (ECF No. 70.) Judge Hegarty granted Defendants' motion "for good cause shown." (ECF No. 73.)

Because the discovery and amendment deadlines were linked in the Order, the parties could well have understood that the extension of the discovery deadline would also extend the deadline to file a motion for leave to amend. Indeed, extension of the amendment deadline to coincide with discovery deadlines would effectuate the Court's intent to facilitate the inclusion in such an amended complaint any new facts about the Cities' training practices which were learned during the extended discovery. The Court therefore finds that the deadline for filing the amended complaint was extended simultaneously with the extension of the discovery deadline, and therefore, the Motion was not late under Rule 16(b). The Court thus turns to the question of whether leave should be granted under Rule 15(a).

**B.     Futility of Amendment**

Under Rule 15(a), courts generally grant leave to amend liberally. Fed. R. Civ. P. 15(a). Proposed amendment is futile if the amended complaint "would be subject to dismissal for any reason." *Watson v. Beckel*, 242 F.3d 1237, 1240 (10th Cir. 2001). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

5

Defendants contend that amendment would be futile because the changes to Claims 4–6 are "immaterial" and do not support claims of unconstitutional policy or municipal liability. (ECF No. 77 at 6–7.) In their reply, Plaintiffs summarily argue that the proposed amendments to Claims 4–6 are not futile, and removal of several claims will help to streamline this litigation. (ECF No. 79 at 3–4.) For the following reasons, the Court agrees with Defendants. The Court will address each claim in turn.

1. <u>Claims 4 and 5</u>

In its Order, the Court dismissed Claim 4 against Northglenn and Claim 5 against Thornton for failure to include factual allegations of a training deficiency, each city's awareness of an alleged training deficiency, or any municipal policy, practice, or custom as the "moving force" behind a constitutional violation. (ECF No. 59 at 17–18.) Plaintiffs' proposed amended complaint makes no material amendments to Count 4 to address any of the reasons upon which the Court initially based its decision to dismiss the claim. (ECF No. 72-1 ¶¶ 80–97.) Thus, the proposed Claim 4 would be subject to a motion to dismiss on the same grounds as the prior Claim 4, and as a consequence the Court concludes that granting the Motion to allow amendment of Claim 4 would be futile. The Court therefore denies Plaintiffs' motion for leave to amend as to Claim 4.

Plaintiffs attempt to revive their claim against Thornton[1] by adding allegations of lack of training on insurgency and forcible entry, Thornton's awareness that lack of

---

[1] Plaintiffs refer to the city of "Torrington" in paragraph 101 of its proposed amended complaint. To the Court's knowledge, there is no city of Torrington in Colorado. Like Defendants, this Court assumes that this is a clerical error by Plaintiffs. (*See* ECF No. 77 ¶ 6.) Plaintiffs must correct all clerical errors, including this one, if they elect to file another motion for leave to amend the complaint.

training would result in injuries to officers and citizens, and a connection between the training deficiency and the injuries to Strong. (ECF No. 72-1 ¶¶ 105, 110.) These additional allegations begin to address the pleading deficiencies outlined in the Court's Order. However, absent additional, specific factual allegations, these additional conclusory statements, in their current form, would still not survive a motion to dismiss. *See Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Without prejudging the issue, the Court notes that if Plaintiffs were to provide factual allegations to support these conclusory statements, Plaintiffs may be able to state a claim on which relief can be granted. The Court therefore denies Plaintiffs' motion for leave to amend as to Claim 5, but, as further discussed below, grants leave to Plaintiffs to file a motion for leave to further amend their complaint as to Claim 5 by August 31, 2018.

Plaintiffs are advised that further amendment, if any, to Claim 5 should address (1) factual allegations of the training provided, how training was deficient, or lack of adequate training; (2) factual allegations regarding prior instances of similar conduct by other officers or establishing that Thornton was aware of but disregarded problems with its training; (3) facts showing illegal action pursuant to the decision of a policy maker; and/or (4) facts suggesting that the illegal action resulted from a training deficiency rather than individual misconduct. (*See* ECF No. 59 at 13–18.) Absent such allegations, the Court will again deny a motion for leave to amend the complaint as to this claim.

    2.    Claim 6

The Court also previously dismissed Claim 6 because Plaintiffs did not plead that

Nielsen or any other person involved in the incident at issue was an employee of Westminster and, even though Defendants acknowledged that Nielsen was a Westminster employee, Plaintiffs failed to plead facts to show that Nielsen committed a constitutional violation. (ECF No. 59 at 13.) In its proposed complaint, Plaintiffs drop the former Claim 3 (which alleged that Nielsen violated Strong's constitutional rights by failing to intervene), consistent with the Court's dismissal with prejudice of that claim. (ECF No. 72.) While Plaintiffs add other statements to Claim 6 to bolster their claim against Westminster, Plaintiffs fail to add any factual allegations of unconstitutional activity against any employee of Westminster. (ECF No. 72.) Absent allegations of a constitutional violation carried out by a Westminster city employee, Plaintiffs' *Monell* claim against Westminster fails to state a claim on which relief can be granted. *See Robbins*, 519 F.3d at 1247; *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). Therefore, the Court finds that the proposed amendments to Claim 6 would also be futile, and as a result denies Plaintiffs' Motion as to Claim 6.

C. **The Necessity for the Court to Make Use of Its Inherent Power to Manage its Docket and This Litigation**

The Court *sua sponte* raises concerns about Plaintiffs' counsel's ability to competently litigate these significant claims on behalf of his clients. At least in part, these representational deficiencies appear to arise out of the fact that, as out-of-state counsel with apparently little to no experience with the rules, practice standards, and culture of this District Court, Plaintiffs' interests are being adversely affected by the lack of experienced local counsel versed in the intricacies attendant to the competent, vigorous representation of clients in the District of Colorado.

In this regard, the Court notes that federal district courts have the inherent power to manage their dockets "to achieve the orderly and expeditious disposition of cases" as long as the action is a reasonable response to a specific problem and does not contradict any express rule or statute. *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891–92 (2016). Moreover, "[c]ourts have the inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings." *Clark v. C.I.R.*, 744 F.2d 1447, 1447 (10th Cir. 1984); *see Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ("[T]he inherent power extends to a full range of litigation abuses."). District courts also may sanction attorneys and parties who disregard schedules and time limits. *MacAlmon Music, LLC v. Maurice Sklar Ministries, Inc.*, 2015 WL 794328 at *9 (D. Colo. Feb. 4, 2015).

Plaintiffs' counsel's near failure to timely submit a motion for leave to file an amended complaint within a generous sixty-day period, and failure to actually amend claims which were previously dismissed by the Court are merely the latest actions which give this Court pause.[2] Plaintiffs' Motion failed to even acknowledge the possible untimeliness of its filing until the reply brief. The Court notes that Plaintiffs' benefitted from a procedural fluke and, absent those unusual circumstances, the Court would have had no choice but to deny any further attempts by Plaintiffs to amend their complaint.

---

[2] The Court has little tolerance for "the dog ate my homework"-type excuses for failing to meet filing deadlines. The Court expects that, should counsel experience any problem with the electronic court filing system in the future, counsel will promptly notify this Court's chambers via telephone at (303) 335-2805 or e-mail at martinez_chambers@cod.uscourts.gov, and provide the filing by e-mail to this Court and opposing counsel.

Plaintiffs' counsel has also failed to respond to an e-mail from the Judge Hegarty regarding availability for a status conference, missed a May 24, 2018 status conference before Judge Hegarty, and neglected to file a response to Defendants' motion for sanctions against Marcus Strong for failure to appear at his deposition. (ECF No. 83 at 1–2.) Judge Hegarty issued a recommendation to grant Defendants' first motion for sanctions for failure of Marcus Strong to appear for his deposition, and Defendants recently filed a second motion for sanctions seeking to dismiss the majority of the claims in the action. (ECF No. 83; see ECF No. 67; ECF No. 81.) Plaintiffs' counsel's pattern of missed deadlines demonstrates a lack of familiarity with the District of Colorado Local Rules and a lack of professionalism in the face of the gravity of the claims in this case. See generally, D.C.COLO.LCivR; D.C.COLO.LAttR.

Plaintiffs' counsel's lack of compliance with scheduling deadlines and lack of diligence in representing Plaintiffs in this action has impacted the orderly and expeditious disposition of this litigation. See Dietz, 136 S. Ct. at 1891. In light of the seriousness of the claims in this case, and in the interests of justice, judicial efficiency, and effective docket management, the Court in its discretion directs Mr. Stewart to immediately associate himself with co-counsel local to Colorado with significant experience in federal § 1983 litigation to assist in the future prosecution of this case.

In order to allow counsel and the parties to appropriately effect the intent of this Order, the Court sua sponte amends the Scheduling Order (ECF No. 28), as well as the Minute Order Modifying the Scheduling Order (ECF No. 73), as follows:

| | |
|---|---|
| New discovery cut-off date: | **August 15, 2018** |
| New dispositive motion deadline: | **September 30, 2018** |

The parties are advised that the Court will not consider any further extension of the discovery and dispositive motion deadlines in this case.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS as follows:

1. Plaintiffs' Motion for Leave to File a Second Amended Complaint is DENIED.

2. Plaintiffs' counsel is DIRECTED to associate himself with local co-counsel in Colorado with significant experience in the prosecution of federal court § 1983 claims by **August 15, 2018;**

3. Plaintiffs are granted leave to file a motion for leave to file a second amended complaint *only* as to Claims 1, 2, and 5 by **August 31, 2018;** and

4. Plaintiffs' counsel is directed to SERVE a copy of this order on his clients, as the Court assumes is his typical practice, by **June 29, 2018**, and within **one business day** of such service, to FILE a certificate of service of same with the Court.

Dated this 26th day of June, 2018.

BY THE COURT:

_____
William J. Martínez
United States District Judge