UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:17-cv-1276-WJM-SKC

THE ESTATE OF JAMES STRONG JR.,
LANHISHA RICHMOND, Individually and as Natural Parent of minors J.S. and T.S.R.,
MARCUS STRONG, and
HOWARD MITCHELL JR.,

    Plaintiffs,

v.

CITY OF NORTHGLENN, COLORADO,
CITY OF THORNTON, COLORADO,
CITY OF WESTMINSTER, COLORADO,
NICHOLAS WILSON,
JASON SCHLENKER; and
ADAM NIELSEN,

    Defendants.

## RECOMMENDATION RE: MOTION FOR SANCTIONS [ECF. #81]

Magistrate Judge S. Kato Crews

This Recommendation addresses Defendants Nicholas Wilson ("Wilson") and Jason Schlenker's ("Schlenker") Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c) ("Motion"), filed on June 19, 2018. [ECF. #81.] Plaintiffs did not file a response. The Motion was referred to the Magistrate Judge by Memorandum dated June 19, 2018. [ECF. #82.] Having reviewed the Motion, the entire case file, and the prevailing law, the Court RECOMMENDS the Motion be GRANTED and the false arrest claims against these Defendants be dismissed for failure to comply with Rule 11. The Court FURTHER

RECOMMENDS an award of reasonable attorney's fees and costs to Wilson and Schlenker (collectively, "Defendants") to be paid by Plaintiffs' attorney.

**BACKGROUND**

This civil action arises out of the fatal shooting of James Strong, Jr. ("Strong"), by local police officers. On a night in May 2015, Strong, various of his family members, and a friend, were asleep in Strong's home when police officers (including Wilson and Schlenker) entered on a "no knock warrant." [*See* ECF. #84 at p.2.] Strong picked up a gun and fired at what he believed to be an intruder entering his bedroom. The "intruder" was Wilson, who returned fire. [*Id.*] At some point, Schlenker entered the bedroom and repeatedly shot Strong. [*Id.*] Strong died from his injuries. [*Id.*] Following the shooting, police officers handcuffed and jailed the Plaintiffs, and took the minor children from the home and placed them in state custody. [*Id.*]

Plaintiffs filed their Amended Complaint on August 15, 2017 [ECF. #33]. They asserted nine claims against the municipal and individual defendants. Pertinent to this Recommendation, Lanhisha Richmond ("Richmond") and Howard Mitchell, Jr. ("Mitchell") (collectively, "Plaintiffs"), brought false arrest claims against Wilson and Schlenker.[1] They alleged that Wilson and Schlenker "restricted their freedom of movement, imposing an unlawful [restraint] upon them, arresting them, and transporting them to the police station to be detained in a cell . . . in violation of [their] Fourth and Fourteenth Amendment" rights. [ECF. #33 at ¶¶141-49, 161-96.]

---

[1] Marcus Strong also asserted a false arrest claim. The Court dismissed his claim because he failed to appear at his deposition. [ECF. #83; ECF. #86.]

During their respective depositions, [2] Richmond and Mitchell testified they did not know the identity of the officers who placed them in restraints and took them to the police station. [ECF. #81-1 (Richmond deposition); ECF. #81-2 (Mitchell deposition).] In addition, Wilson and Schlenker submitted affidavits stating they were not involved in the detention, transport, or questioning of Richmond, Mitchell, or the minor children.[3] [ECF. #81-3 (Wilson affidavit); ECF. #81-4 (Schlenker affidavit).]

On June 19, 2018, Defendants moved to dismiss the false arrest claims as lacking factual support in violation of Fed. R. Civ. P. 11. [ECF. #81 at pp.4-5.] They also requested an award of reasonable attorney's fees incurred in filing the Motion and conducting discovery on these claims. [*Id.* pp.5-6.] When Plaintiffs failed to file a response to the Motion, this Court issued an Order to Show Cause as to why the Motion should not be granted. [ECF. #96.] Plaintiffs did not respond to the show cause order. Therefore, the Motion stands unopposed.

## LEGAL STANDARDS

Rule 11 provides that by presenting a pleading, written motion, or other paper, to the court, "an attorney…certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:" (1) the filing is not presented for any improper purpose; (2) the claims and legal contentions are warranted by existing law or a non-frivolous argument for the extension, modification or reversal of existing law; and, (3) "the factual contentions have evidentiary support, or, if

---

[2] Richmond's deposition occurred on January 30, 2018. Mitchell's occurred on February 1, 2018.
[3] Wilson's affidavit is dated May 17, 2018. Schlenker's is dated May 21, 2018.

specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). *See also Monument Builders of Greater Kansas City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1484-85 (10th Cir. 1989) (Rule 11 requires counsel to conduct a reasonable inquiry).

Rule 11 establishes a standard of objective reasonableness. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). The test for imposition of Rule 11 sanctions is whether counsel's conduct was reasonable under the circumstances of the case. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). It does not require a finding of subjective bad faith on the part of the offending attorney. *Cf. Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002) (noting that an attorney's subjective good faith belief in the merits of an argument will not suffice to satisfy the standard of objective reasonableness).

The duty of candor established under Rule 11 exposes counsel to sanctions for continuing to advocate a position after learning that it ceases to have merit or is no longer tenable. *Young v. Corbin*, 889 F. Supp. 582, 585 (N.D.N.Y. 1995). Ultimately, Rule 11 seeks to curb abuses of the litigation process. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, Inc., 498 U.S. 533, 542 (1991). A Rule 11 violation occurs where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands. *Harrison v. Luse,* 760 F. Supp. 1394, 1399 (D. Colo. 1991).

Further, Rule 11 is not intended to function as a fee-shifting provision or to reward parties who are victimized by litigation. *See, e.g., Tidik v. Ritsema*, 938 F. Supp. 416, 426 (E.D. Mich. 1996); *Watson v. City of Salem*, 934 F. Supp. 666, 667 (D.N.J. 1996).[4]

> [I]n determining whether (and what) sanctions are appropriate, a court should consider: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; ... (3) the culpability of the litigant," [and] (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance." Before a court orders dispositive sanctions, it should also consider the efficacy of lesser sanctions.

*Grady v. Broderson,* No. 13-cv-00752-REB-NYW, 2015 WL 1384371, at *4 (D. Colo. Mar. 23, 2015) (quoting *Ehrenhaus v. Reynolds,* 965 F.2d 916, 920 (10th Cir. 1992)). "[T]he *Ehrenhaus* factors should be considered even in cases that do not involve dispositive sanctions." *Id.* (citing *Gates Rubber Co. v. Bando Chem. Indus., Ltd.,* 167 F.R.D. 90, 102 (D. Colo. 1996)).

## ANALYSIS

### A. Whether Plaintiffs or their Counsel Violated Rule 11

The first question is whether Plaintiffs violated Rule 11 by bringing and maintaining their false arrest claims against Wilson and Schlenker. For the reasons stated below in

---

[4] Rule 11 imposes certain procedural requirements on parties seeking sanctions. A party must submit the motion for sanctions separately from other motions or requests and specifically describe the conduct that allegedly violates Rule 11(b). The party must serve the motion on the opposing party. If, after 21 days, the offending party does not withdraw the challenged conduct, the party seeking sanctions may file its motion for sanctions with the court. *See* Fed. R. Civ. P. 11(c)(2). It is undisputed that Defendants Wilson and Schlenker fully complied with the procedural requirements of Rule 11 prior to filing its motion. [ECF. #81 at ¶13; ECF. #81-5.]

Section B, the Court finds that Plaintiff's counsel, J. Benton Stewart II ("Stewart"), has violated Rule 11.

In reaching this conclusion, in addition to the conduct surrounding the Motion, the Court has also considered Stewart's clear pattern of delinquencies and disregard for the Court's time, its orders, and its deadlines, as well as his demonstrated lack of candor in his representations to the Court. Judge Martinez described some of these failures in detail in a prior Order:

> Plaintiffs' counsel's near failure to timely submit a motion for leave to file an amended complaint within a generous sixty-day period, and failure to actually amend claims which were previously dismissed by the Court are merely the latest actions which give this Court pause. Plaintiffs' Motion failed to even acknowledge the possible untimeliness of its filing until the reply brief. The Court notes that Plaintiffs' benefitted from a procedural fluke and, absent those unusual circumstances, the Court would have had no choice but to deny any further attempts by Plaintiffs to amend their complaint.
>
> Plaintiffs' counsel has also failed to respond to an e-mail from Judge Hegarty regarding availability for a status conference, missed a May 24, 2018 status conference before Judge Hegarty, and neglected to file a response to Defendants' motion for sanctions against Marcus Strong for failure to appear at his deposition. (ECF No. 83 at 1–2.) Judge Hegarty issued a recommendation to grant Defendants' first motion for sanctions for failure of Marcus Strong to appear for his deposition, and Defendants recently filed a second motion for sanctions seeking to dismiss the majority of the claims in the action. (ECF No. 83; *see* ECF No. 67; ECF No. 81.) Plaintiffs' counsel's pattern of missed deadlines demonstrates a lack of familiarity with the District of Colorado Local Rules and a lack of professionalism in the face of the gravity of the claims in this case. *See generally*, D.C.COLO.LCivR; D.C.COLO.LAttyR.
>
> Plaintiffs' counsel's lack of compliance with scheduling deadlines and lack of diligence in representing Plaintiffs in this action has impacted the orderly and expeditious disposition of this litigation. *See Dietz*, 136 S. Ct. at 1891. In light of the seriousness of the claims in this case, and in the interests of justice, judicial efficiency, and effective docket management, the Court in its discretion directs Mr. Stewart to immediately associate himself with co-

counsel local to Colorado with significant experience in federal § 1983 litigation to assist in the future prosecution of this case.[5]

[ECF. #84.]

**B.  Dismissal with Prejudice is Appropriate**

    1.  <u>Degree of prejudice to the Defendants</u>

Based on Plaintiffs' respective deposition testimony, and Wilson's and Schlenker's corresponding affidavits, Plaintiffs lack critical proof to sustain their false arrest claims. There is no factual or evidentiary support for Plaintiffs' allegation that Wilson and Schlenker arrested or detained them. There is no question Wilson and Schlenker have been prejudiced by Plaintiffs' false arrest claims. They have been forced to defend these claims since the case's inception, all while Plaintiffs lacked evidence of Wilson's and Schlenker's personal participation in Plaintiffs' arrest and detention. And they were forced to defend these claims even after Plaintiffs admitted they lacked evidence, and after Plaintiffs had a reasonable opportunity for further investigation or discovery once Wilson and Schlenker produced their affidavits.

At a minimum, it should have been patently clear to Plaintiffs that their false arrest claims had no chance of success when they understood they could not identify Wilson or Schlenker as the officers who restrained or detained them. Plaintiffs have made no argument that they are somehow attempting to advance, extend, or modify applicable law. In fact, the opposite is true because they have since indicated a desire to voluntarily

---

[5] Despite the order to associate with local counsel, Stewart has not done so.

7

withdraw these claims while still ignoring the Motion and this Court's Order to Show Cause. This factor favors dismissal with prejudice.

2. <u>Interference with the judicial process</u>

The Court also concludes that Plaintiffs' failure to withdraw these claims has interfered with the judicial process. Plaintiffs failed to withdraw these claims when requested by defense counsel, and failed to file a response opposing the Motion. Because Plaintiffs failed to file a response, the Court spent time trying to obtain Plaintiffs' position on these issues by issuing a show cause order, which Plaintiffs also ignored. [ECF. #96.] The Court also devoted time and judicial resources to review the docket in some detail to rule on the Motion because Plaintiffs failed to assist the Court's review by filing a response to the Motion or a response to the show cause order. It is hard to fathom how failing to respond to orders of the federal district court would *not* interfere with the judicial process. This factor favors dismissal with prejudice.

3. <u>Culpability of the litigants</u>

While Plaintiffs ignored the Motion and Order to Show Cause, they did file a response opposing Defendants' subsequent Motion for Summary Judgment, which raises the same issues concerning the false arrest claims. In Plaintiffs' response opposing the summary judgment motion, Stewart argues that his former co-counsel (who has since withdrawn from this case) was responsible for asserting the false arrest claims. [See ECF. #97 at p.27.] This deflection is inexplicable and reflects a lack of candor to the Court. Stewart has been Plaintiffs' counsel since the inception of this case. He personally signed both the original and amended complaints, each containing the false arrest claims. [ECF.

8

#1 at p.33; ECF. #33 at p.26]. Stewart also attended Richmond's and Mitchell's depositions where they each unequivocally testified that they did not know who arrested or detained them. By February 1, 2018, at the latest, Stewart should have known that these claims were not sustainable. But it was not until October 2018, and *after* Stewart failed to respond to the Motion, and *after* he failed to respond to the Order to Show Cause, that Plaintiffs indicated any intent to abandon these claims. [ECF. #94 (final pretrial order listing only the excessive use of force claims).]

It is unclear whether Richmond and Mitchell know of the Motion. In his prior Order denying the motion to amend, Judge Martinez outlined his concerns regarding Stewart's ability to adequately represent Plaintiffs' interests. [ECF. #84.] Judge Martinez instructed Stewart to serve a copy of that Order on his clients and then file a certificate of service with the Court indicating he had done so. [*Id.*] Stewart never filed that certificate. Regardless of whether Plaintiffs know of the Motion, they surely knew they could not identify Wilson or Schlenker as the officers who arrested and detained them. Thus, the Court finds that Plaintiffs share some culpability in permitting these claims to be brought and maintained on their behalf. This factor favors dismissal with prejudice.

  4.  Warning

The fourth factor asks whether the litigant was warned that dismissal was a likely sanction. *King v. Fleming*, 899 F.3d 1140, 1153 (10th Cir. 2018). The Court finds Plaintiffs were sufficiently warned. The first warning came when Defendants served Plaintiffs with a copy of the Motion in accord with Rule 11's safe-harbor provision. [ECF. #81-5.] The second warning came with this Court's Order to Show Cause directed to Plaintiffs to show

cause why the Motion (which sought dismissal) should not be granted. [ECF. #96.] Plaintiffs ignored both. This factor favors dismissal with prejudice.

5. Efficacy of a lesser sanction

Because "dismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective," this Court must consider the potential utility of lesser sanctions. If a lesser sanction would be effective, dismissal is less justifiable. *King*, 899 F.3d at 1153 (internal quotation marks omitted).

Here, there is good reason for dismissal with prejudice over a lesser sanction. According to their own deposition testimony, Plaintiffs do not know who arrested or detained them, and therefore, they will not be able to establish Wilson's or Schlenker's personal participation. Indeed, Plaintiffs' attempt to now abandon these claims after incurring the Court's time to address the Motion is concession enough that no lesser sanction is warranted. This factor favors dismissal with prejudice as the most effective sanction under the circumstances.

**C. Defendants are Entitled to an Award of Attorney's Fees against Stewart**

Neither Plaintiffs nor Stewart have provided the Court with any information that might mitigate their responsibility for the fees and costs associated with the Motion. As noted above, it is unclear whether Plaintiffs know of the Motion or Stewart's conduct in this case. What is clear, however, is Stewart signed the complaint and amended complaint each of which asserted the false arrest claims, he failed to timely withdraw those claims against the dearth of evidence to support them, he failed to respond to the Motion, and he ignored this Court's Order to Show Cause. Under these circumstances,

an award of fees and costs is warranted as a Rule 11 sanction against Stewart only and not the individual Plaintiffs. To be sure, it is not only Stewart's conduct as relates to this Motion that supports an award of fees and costs, but it is also his history of blatant indifference to the rules and obligations pertaining to these judicial proceedings that convinces the Court that no other sanction would be effective.

When imposing attorney's fees as a sanction under Rule 11, the Tenth Circuit has highlighted four factors for a court to consider: (1) the reasonableness of the fee; (2) the minimum amount required to deter misconduct; (3) the offender's ability to pay; and (4) "other" factors as the court sees fit, such as the offending party's history, experience, and ability; the severity of the violation; and the risk of chilling zealous advocacy. *King*, 899 F.3d at 1155 (citing *White v. Gen. Motors Corp.*, 908 F.2d 675, 684085 (10th Cir. 1990)).[6] Moreover, in awarding sanctions, the Court must be mindful of D.C.COLO.LCivR 54.3, which provides that a motion for attorney's fees shall include "a detailed description of the services rendered, [and] the amount of time spent," as well as "a summary of relevant qualifications and experience."

Regarding the first factor and Local Rule 54.3, Defendants shall file an affidavit in accordance with the local rules within ten days of Judge Martinez's order on this Recommendation, and Stewart may file a response opposing the reasonableness of the fees within ten days after Defendants' file the affidavit.

---

[6] The Court's previous analysis of the *Ehrenhaus* factors also weighs heavily in favor of an award of attorney's fees.

Regarding the second factor, while Defendants seek fees related to filing the Motion *and* conducting discovery on the false arrest claims, the Court finds the minimum amount required to deter this misconduct is an award of fees and costs limited to those incurred to prepare, file, and otherwise address the Motion. *See* Fed. R. Civ. P. 11(c)(4).

Regarding the third factor, the Court lacks information on the matter. But that is not to say that this factor weighs in Stewart's favor. Rather, because Stewart has twice elected not to provide this Court with any mitigating information regarding sanctions, the Court concludes that this factor is neutral. *See King*, 899 F.3d at 1156 (trial court did not abuse its discretion by not weighing this factor in the plaintiffs' favor where there was no evidence regarding ability to pay).

Regarding the fourth and final factor, as discussed above, Stewart's failure to oppose the Motion and failure to respond to the Court's Order to Show Cause (in addition to his overall pattern of dereliction over the course of these judicial proceedings) weighs in favor of a fee award.

## CONCLUSION

For the above reasons, the Court RECOMMENDS that:

- Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11(c) [ECF. #81] be GRANTED;
- the false arrest claims (Claims Seven and Nine) against Wilson and Schlenker be DISMISSED, WITH PREJUDICE;
- Wilson and Schlenker be awarded their reasonable attorney's fees and costs associated with preparing, filing, and addressing the Motion;

- the fee award issue against counsel for Plaintiffs, J. Benton Stewart II;
- Defendants have ten days from the date Judge Martinez issues an order on this Recommendation to submit an affidavit of fees and costs; and,
- Mr. Stewart have 10 days from the date Defendants file their affidavit to submit a response over the reasonableness of the claimed fees and costs.

DATED: December 14, 2018.

BY THE COURT:

S. Kato Crews
United States Magistrate Judge
District of Colorado

**Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, and waives appellate review of both factual and legal questions. *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985); *Makin v. Colorado Dep't of Corrs.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**