IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1276-WJM-SKC

ESTATE OF JAMES STRONG, JR.,

    Plaintiff,

v.

JASON SCHLENKER,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RULE 702 MOTION TO EXCLUDE EXPERT TESTIMONY

This civil rights action arises out of the shooting death of James Strong, Jr., in his home during the execution of a no-knock arrest warrant on May 28, 2015. Plaintiff Estate of James Strong, Jr. ("Plaintiff"), has one remaining claim under 42 U.S.C. § 1983 against Jason Schlenker ("Defendant") for use of excessive force in violation of the Fourth Amendment. (ECF No. 33 ¶¶ 61–72.)

Currently before the Court is "Defendants' Motion to Exclude Expert Testimony Pursuant to Fed. R. Evid. 702" (the "Motion"). (ECF No. 119.)[1] In the Motion, Defendant seeks to limit Plaintiff from offering certain opinions at trial from Plaintiff's designated expert, James George Mosher. For the reasons explained below, Defendant's Motion is granted in part and denied in part.

---

[1] The Motion was filed when Northglenn, Colorado Police Officer Nicholas Wilson was still a Defendant in the case. He has since been voluntarily dismissed from this action. (ECF Nos. 123 & 129.)

# I. BACKGROUND

The Court has previously set forth the factual background and allegations in this case in some detail, including in its Order Granting in Part and Denying in Part the Motion for Summary Judgment. (*See* ECF No. 121.) Familiarity with that factual background is presumed.

In summary, Defendant was part of a SWAT team that executed a no-knock warrant on Strong's home on May 28, 2015. (ECF No. 88 at 6, ¶ 10.) Members of the SWAT team were informed that firearms would likely be present and they should be prepared for the occupants to be armed. (*Id.* at 7, ¶ 10.) As the SWAT team entered the house, officers detonated flash-bang devices outside the home and, contrary to normal procedure, did not break any windows prior to entering the residence. (*Id.* at 7, ¶ 11.) The SWAT team members shouted "police, search warrant" and "show me your hands." (*Id.* at 9, ¶ 19.) A loudspeaker outside the home also identified those on the scene as the police. (*Id.*; ECF No. 88-5 at 4, ¶ 14.)

Strong and his partner, Lanhisha Richmond, were asleep in their bedroom when the police entered the home. Richmond stated that she did not hear the officers identify themselves as law enforcement. (ECF No. 99-5 at 253.) As Officer Wilson nudged open the door to Strong and Richmond's bedroom, Strong immediately fired two shots at close range. He later fired a third shot at Wilson. Wilson and Thornton Police Officer Schlenker returned fire. When the shooting ceased, Wilson had been hit several times. (ECF No. 88-5 at 6–7, ¶¶ 24, 26; ECF No. 98-1 at 3.) Wilson ultimately fired 15 shots and Schlenker fired 11. (ECF No. 99-3 at 175; ECF No. 99-2 at 173.)

Strong had more than 20 bullet wounds, include six gunshot wounds to the head and neck area, and did not survive his injuries. (ECF No. 98-5 at 2.)

## II. LEGAL STANDARD

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2004). Admission of expert testimony is governed by Rule 702, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The proponent of the expert testimony bears the burden of proving the foundational requirements of Rule 702 by a preponderance of the evidence. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

While an expert witness's testimony must assist the jury to be deemed admissible, Fed. R. Evid. 702(a), it may not usurp the jury's fact-finding function. *See Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988). "Expert testimony which does nothing but vouch for the credibility of another witness encroaches upon the jury's vital and exclusive function to make credibility determinations, and therefore does not assist the trier of fact as required by Rule 702." *United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001) (internal quotation marks omitted). Moreover, "a proposed expert's opinion that a witness is lying or telling the truth might be inadmissible pursuant to Rule

702 because the opinion exceeds the scope of the expert's specialized knowledge and therefore merely informs the jury that it should reach a particular conclusion." *Id.* (internal quotation marks omitted). *United States v. Leach*, 749 F.2d 592, 600 (10th Cir. 1984) (resolving conflicts in the evidence and reaching ultimate conclusions of fact are both functions exclusively reserved to the trier of fact). The line between what is helpful to the jury and what intrudes on the jury's role as the finder of fact is not always clear, but it is well-settled that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704.

Ultimately, "the rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note. "[T]he trial court's role as gatekeeper is not intended to serve as a replacement for the adversary system. . . . Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (quoting *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993)).

In addition to analysis under Rule 702, an expert's proposed testimony must be relevant and otherwise admissible. *See Adamscheck v. Am. Family Mut. Ins. Co.*, 818 F.3d 576, 588 n.7 (10th Cir. 2016). To be relevant, expert testimony must "logically advance[ ] a material aspect of the case" and be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011) (brackets in original).

# III. ANALYSIS

A. **Stipulated Exclusions of Mosher's Opinions**

The parties have agreed that Plaintiff will not offer Mosher's opinions on the following topics at trial:

- The investigation which resulted in the search warrant;
- The timing of execution of the warrant;
- The propriety of executing the warrant at a time when children were present in the home;
- "Conflicting" information about the timing of the announcements from the SWAT vehicle *outside* the house;
- "Conflicting" information about the timing of the use of flash-bang devices by the SWAT team; and
- The post-shooting investigation.

(ECF No. 119 at 2; ECF No. 122 at 2.) Consistent with the parties' agreement, the Court will not allow Plaintiff to use Mosher to offer opinions on those topics at trial.

B. **Disputed Mosher Opinions**

Defendant also seeks to exclude Mosher's opinions on the following topics:

- Conflicting evidence about the nature of the announcements made *inside* the house, and Mosher's opinions as to the type and frequency of the announcements made inside the house;
- Conflicting evidence about the movements of the SWAT team inside the house;

- Whether additional rounds fired by Wilson placed others in the home at risk; and

- Whether tactics used by Wilson put him in harm's way.

(ECF No. 199 at 6–9.) The Court notes that the final two opinions that Defendant seeks to exclude relate solely to Wilson's actions and decisions. Defendant does not seek to exclude Mosher's opinions about the reasonableness of the rounds fired by Defendant, the potential threat of Defendant's shots to others in the home, or whether the tactics used by Defendant put him in harm's way.

Plaintiff's Response to the Motion does not address whether expert testimony on those two topics should be allowed, nor that it has any relevance to understanding Defendant's conduct. (*See* ECF No. 122 at 5–7.) Arguments not raised or inadequately developed in a brief are waived. *United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (deeming waived an argument inadequately developed in opening brief); *Thompson R2-J Sch. Dist. v. Luke P., ex rel. Jeff P.*, 540 F.3d 1143, 1148 n.3 (10th Cir. 2008) (same). Plaintiff's failure to develop an argument in its Response amounts to a confession of that part of the Motion. Moreover, as noted above, Wilson was dismissed from this suit after the Motion was filed, so Mosher's testimony on topics pertaining solely to the reasonableness of Wilson's actions are of diminishing relevance. *Garcia*, 635 F.3d at 476.

The Court thus grants Defendant's Motion as to these two topics. Mosher will not be permitted to offer his opinion testimony on whether the additional rounds fired by Wilson placed others in the home at risk or whether the tactics used by Wilson put him in harm's way.

6

1. Opinion on Conflicting Evidence of Announcements Made Inside the House

Defendant seeks to exclude "conflicting evidence about the nature of the announcements made inside the house" and "Mosher's opinions as to the type and frequency of the announcements made inside the house" as irrelevant and of no use to the jury. (ECF No. 119 at 6.)

Mosher's report states that it is "unclear [i]f the entry team announced their presence during entry and up until the point where the shooting occurred." (ECF No. 119-1 at 4.) Along with other alleged flaws in the execution of the warrant, Mosher opines that "the operational tactics utilized by these personnel are not indicative of a well-trained or well supervised tactical team." (*Id.* at 5.) At his deposition, Mosher stated that, in his opinion, announcements "should have been constant, continuous up until the point of where there was a gunfight." (ECF No. 119-2 at 8.) While he could not point to a nationally recognized "tactical standard" that required such announcements, in his experience, continuous or multiple announcements are appropriate, if not a best practice, when executing a warrant. (*Id.* at 8–9.)

The Court will not, at this time, exclude Mosher's opinions on the inadequacy or insufficiency of the announcements (if any) by the police. Such opinion testimony on the appropriateness of police tactics is directly relevant to whether Defendant acted reasonably under the circumstances, or unreasonably contributed to the need to use deadly force. *See Davies v. City of Lakewood*, 2016 WL 614434, at *2 (D. Colo. Feb. 16, 2016) ("expert testimony regarding the standard of care applicable to police officers in such areas as police tactics [and] use of force . . . is relevant to excessive force

7

claims"). Such opinion testimony will assist the jury in understanding standard police tactics. *Id.* Defendant may, of course, cross examine Mosher on the basis for his opinion that continuous announcements are appropriate.

However, Mosher is not a fact witness in the case, and Plaintiff may not use Mosher as a vehicle by which it will establish the *facts vel non* of whether the police made announcements once in the house, or what the police announced. *See Adams*, 271 F.3d at 1245. Richmond and the officers present at the scene are the appropriate witnesses to present evidence on these facts. Mosher may testify regarding his factual assumptions, as long as he presents them as such, rather than as his opinion on or conclusion of fact. However, at trial, the Court would entertain an objection if it appears that Plaintiff is using Mosher as a purported fact witness to establish his "opinion" that reports of various individuals are in conflict over certain facts, rather than offer an expert opinion on the reasonableness of the police tactics used in this incident.

    2.    <u>Opinion on Conflicting Evidence About SWAT Team Movements Inside the House</u>

Defendant also seeks to exclude Mosher's "opinion" that "the movements inside the house as described by the SWAT team are 'conflicting.'" (ECF No. 119 at 6.) Plaintiff responds that the "different accounts of the movements and positioning of [Defendant]" are "relevant to what [Defendant] knew of should have known as he entered into Mr. Strong's bedroom and repeatedly shot" Strong. (ECF No. 122 at 6.) It does not appear that Mosher offers an opinion that the officers were not in proper positions or that the location of any officer somehow unreasonably contributed to an allegedly unreasonable use of force.

8

"Under the relevance prong of the *Daubert* analysis, the court must ensure that the proposed expert testimony logically advances a material aspect of the case. The evidence must have a valid scientific connection to the disputed facts in the case." *Norris v. Baxter Healthcare Corp.*, 397 F.3d 878, 884 n.2 (10th Cir. 2005). Here, Mosher's opinion—in essence, that Defendant could not have seen Strong's muzzle flash—is not one that relies on Mosher's expertise on police tactics to advance a material aspect of the case.[2] Rather, Mosher's "opinion" about conflicting evidence and the location of Defendant is an "opinion" by an expert that impermissibly weighs the evidence based on the credibility of Defendant and others witnesses. As discussed above, expert testimony on the credibility of witnesses does not assist the trier of fact and indeed infringes on the jury's job of determining credibility. *Adams*, 271 F.3d at 1245. The Court will thus exclude Mosher's "opinion" on the factual matters relative to the locations and movement of the SWAT team members throughout the house, and his "opinion" that, as a factual matter, Defendant could not have seen Strong fire a weapon.

## IV. CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendant's Motion to Exclude Expert Testimony Pursuant to Fed. R. Evid. 702 (ECF No. 119) is GRANTED IN PART and DENIED IN PART, as more fully set forth above.

---

[2] Mosher is not presented as a ballistics expert.

Dated this 19 day of July, 2019.

BY THE COURT:

William J. Martínez
United States District Judge