**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 17-cv-1276-WJM-SKC

ESTATE OF JAMES STRONG, JR.,

      Plaintiff,

v.

JASON SCHLENKER,

      Defendant.

---

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS *IN LIMINE*

---

Plaintiff Estate of James Strong, Jr., ("Plaintiff") brings this civil rights action against Defendant Jason Schlenker ("Defendant") under 42 U.S.C. § 1983 for use of excessive force in violation of the Fourth Amendment arising out of the shooting death of James Strong, Jr., in his home during the execution of a no-knock arrest warrant on May 28, 2015. (ECF No. 33 ¶¶ 61–72.) The Court has explained the relevant factual and legal background of this case in detail in other recent Orders (*see* ECF Nos. 121 & 156), and familiarity with that background is presumed.

Now before the Court is Defendant's Motion *in Limine* ("Motion"). (ECF No. 130.) For the reasons explained below, the Motion is granted in part, denied in part, and deferred until trial in part.

### I. ANALYSIS

A motion *in limine* allows a court to decide evidentiary issues in advance of trial to avoid delay and ensure "an evenhanded and expeditious trial." *Dry Clean Super Ctr.,*

*Inc. v. Kwik Indus., Inc.*, 2012 WL 503510, at *4 (D. Colo. Feb. 15, 2012). A court will generally not grant a motion *in limine* unless the moving party meets its burden of showing that the evidence in question is clearly inadmissible on all potential grounds." *Romero v. Helmerich & Payne Int'l Drilling Co.*, 2017 WL 3268878, at *3 (D. Colo. Aug. 1, 2017) (quoting *Cook v. Peters*, 2015 WL 10986407, at *1 (N.D. Okla. Jul. 30, 2015)). The Court thus briefly reviews what Plaintiff must show to prevail at trial.

Plaintiff claims that Defendant used excessive force against Strong in execution of the warrant. Excessive force claims brought under 42 U.S.C. § 1983 are analyzed under the Fourth Amendment's "objective reasonableness" standard, which asks whether an officer's actions are objectively reasonable in light of the facts and circumstances, without regard to underlying intent or motivation. *Graham v. Connor*, 490 U.S. 386, 388, 397 (1989). Reasonableness is evaluated under a totality of the circumstances approach, which requires that the Court consider and balance three factors: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat to the safety of the officers or others," and (3) "whether he is actively resisting arrest or attempting to evade arrest by flight." *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1313 (10th Cir. 2009) (quoting *Graham*, 490 U.S. at 396); *see also Lundstrom v. Romero*, 616 F.3d 1108, 1126 (10th Cir. 2010) (referring to the *Graham* factors as the "three, non-exclusive factors relevant to [an] excessive force inquiry").

"Deadly force"—force which creates a substantial risk of death or serious bodily harm—is "justified only if a reasonable officer in the officer's position would have had probable cause to believe that there was a threat of serious physical harm to himself or

others." *Cordova v. Aragon*, 569 F.3d 1183, 1189, 1192 (10th Cir. 2009)(deadly force includes "force that is nearly certain to cause death, such as a shot to the head"); *Thomson*, 584 F.3d at 1313 (internal quotation marks omitted).

To assess the degree of threat posed to officers, courts consider, among other things, "(1) whether the officers ordered the suspect to drop his weapon, and the suspect's compliance with police commands; (2) whether any hostile motions were made with the weapon towards the officers; (3) the distance separating the officers and the suspect; and (4) the manifest intentions of the suspect." *Estate of Larsen v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008) (the *Larsen* factors). "Another important aspect of this inquiry is whether the officers were in danger at the precise moment that they used force." *Thomson*, 584 F.3d at 1315 (internal quotation marks omitted). The Court may further consider whether "the officers' own reckless or deliberate conduct during the seizure unreasonably created the need to use such force." *Cordova*, 569 F.3d at 1188 (internal quotation marks omitted).

To prevail at trial, Plaintiff must prove to the jury by a preponderance of the evidence that Defendant's use of deadly force was not objectively reasonable. At this juncture, Defendant files this pretrial Motion to raise evidentiary objections to certain of Plaintiff's evidence. The Court addresses each of Defendant's ten objections in turn.

### A.  Testimony of Thomas Gates

Defendant asks the Court to prohibit Thomas Gates from testifying at trial because Gates was never disclosed as an expert nor did Plaintiff provide any materials required by Federal Rule of Civil Procedure 26(a)(2). (ECF No. 130 at 2.) Plaintiff does

not dispute that it failed to designate Gates as an expert pursuant to Rule 26(a)(2).

Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as

required by Rule 26(a) or (e), the party is not allowed to use that information or witness

to supply evidence . . . at a trial, unless the failure was substantially justified or is

harmless." Plaintiff does not provide any facts from which the Court could possibly

conclude that failure to designate Gates as a witness was substantially justified or

harmless. The Court thus grants this portion of the Motion. Gates cannot testify at trial.

## B.    Testimony of Marcus Strong

Defendant seeks to exclude the testimony of fact witness Marcus Strong. (ECF

No. 130 at 2.) Plaintiff does not object to the exclusion of Strong's testimony. The

Motion is thus conceded as to Marcus Strong, and the Court thus grants this portion of

the Motion. Marcus Strong may not testify at trial.

## C.    "State of Mind" of James Strong

Defendant seeks to exclude evidence regarding Strong's "state of mind" arguing

that it is not relevant to any of *Graham* or *Larsen* factors use to evaluate whether use of

deadly force was justified, or that any relevance is outweighed by its potential to

confuse or mislead the jury. (ECF No. 130 at 3–4.) Specifically, Defendant asks that

the Court prohibit testimony or argument "speculating that Strong fired his gun in order

to protect himself or his family." (*Id.* at 4.)

Defendant seeks a broad prohibition on any speculation by any person at trial

that Strong fired his gun to protect himself. Defendant fails to establish that such

evidence would be "clearly inadmissible on all potential grounds." *See Romero*, 2017

WL 3268878 at *3. Moreover, it is unclear what type of evidence Plaintiff could offer as to Strong's state of mind, given that he is deceased. At present, this issue is premature, and the Court defers ruling on it until the evidence comes in at trial.

**D.     "Make My Day" Theory**

Defendant asks the Court to preclude Plaintiff from arguing that Strong's firing on the officers was justified under Colorado's so-called "make my day" law. That statute states that an "occupant of a dwelling is justified in using any degree of physical force, including deadly physical force, against another person when that person has made an unlawful entry into the dwelling." Colo. Rev. Stat. § 18-1-704.5.

The parties do not dispute that the police had a valid warrant to enter the Strong residence. Thus, in no sense was the entry into the Strong residence "unlawful," and as a result Strong's use of force against the officers cannot be justified under the "make my day" law. Plaintiff may not, therefore, argue that the Colorado statute justified Strong firing at the officers.

**E.     SWAT Protocol from Different Jurisdictions**

Defendant seeks to exclude evidence related to "(1) the timing of the execution of the warrant in terms of when the warrant was issued; (2) the execution of the warrant with children present; and (3) the use of a flash bang outside the residence" under the section heading "[p]rohibiting testimony/argument regarding SWAT protocols/practices from other jurisdictions." (ECF No. 130 at 5.) It appears that Defendant raises two separate objections: one to argument or evidence that relies on SWAT practices from other jurisdictions, and a second to evidence about how and when the warrant was

5

executed because there is no evidence that Defendant was involved in those decisions.

The Court will defer ruling on Defendant's objections until they are raised at trial. Defendant has not established that such evidence is clearly inadmissible on all potential grounds. *See Romero*, 2017 WL 3268878 at *3. However, for evidence to be admitted over a relevance objection at trial, Plaintiff must show either how the SWAT practices of other jurisdictions are evidence of a national standard and how that national standard relates to the objective reasonableness of Defendant's actions, or that Defendant had some involvement in making decisions about how and when the warrant was executed.

## F.  Problems with Investigation and Issuance of the Warrant

Defendant asks the Court to exclude "any evidence or argument relating to any alleged inadequacies in the underlying investigation or the warrant leading to the no-knock raid" as irrelevant to Plaintiff's excessive force claim, or unduly prejudicial under Rule 403 given that "Defendant had no involvement in the investigation." (ECF No. 130 at 6.) The parties have already stipulated that Plaintiff's expert will not present testimony on the investigation that resulted in the search warrant. (ECF No. 156 at 5.)

The Court agrees with Defendant that any issues with the pre-warrant investigation and issuance of the warrant are not relevant because they do not tend to make the actions of Defendant in executing the search warrant on the Strong residence more or less objectively reasonable. The Court thus grants this portion of Defendant's Motion; Plaintiff may not present evidence or argument related to the inadequacies in the underlying investigation and issuance of the warrant leading to the no-knock raid.

## G. Improper Tactics of Officer Wilson

Defendant also seeks to exclude "any evidence or argument challenging the tactics of Wilson, or any inference that it was the negligent tactics of Wilson that created the need for Defendant to use deadly force." (ECF No. 130 at 6–7.) Plaintiff asks that the Court reserve ruling "until such time as such evidence may be elicited or developed during the course of trial." (ECF No. 153 at 8.) The Court agrees with Plaintiff. At this point, the Court will not categorically exclude evidence or argument about Wilson's tactics, but rather defer the question until any such evidence is presented at trial. *See Romero*, 2017 WL 3268878 at *3. If challenged at trial, Plaintiff must be able to articulate the relevance of Wilson's tactics to the disputed facts in the case and the impact on the objective reasonableness of Defendant's actions.

## H. Danger to Others Present in the Home

Defendant also seeks to exclude "any evidence or argument regarding the alleged risk to others inside the house besides James Strong." (ECF No. 130 at 7.) Defendant cites paragraphs in the complaint related to both the timing of the execution of the warrant as well as the potential threat of bullets fired by Defendant that pierced the floor and hit items in the basement.

Defendant contends that there is "no evidence in the record that Defendant played any role in the decision as to the timing of the execution of the warrant," and thus any evidence or argument challenging that decision is irrelevant and unfairly prejudicial. (ECF No. 130 at 7.) The Court agrees that *if* Plaintiff fails to establish that Defendant was involved in the decision about when to execute the search warrant, then

the information about potential dangers of the timing of the execution are irrelevant.

However, a motion *in limine* is "not a proper vehicle for a party to ask the Court to weigh

the sufficiency of the evidence." *Dry Clean Super Ctr.*, 2012 WL 503510, at *4 (internal

quotation marks omitted).  The Court thus denies this part of the Motion without

prejudice to renewal at trial if Plaintiff attempts to introduce evidence on the propriety of

the timing of execution of the warrant without first establishing that Defendant had a

role in that decisionmaking process.

Defendant also argues that the "alleged risk to others inside the house is

irrelevant to the factors that the jury will need to consider under both *Graham* and

*Larsen*." (ECF No. 130 at 7.)  The *Graham* and *Larsen* factors for determining whether

use of deadly force is reasonable are not the exclusive factors for determining

reasonableness.  *See Lundstrom*, 616 F.3d at 1126; *Thomson*, 584 F.3d at 1314.

Ultimately, the touchstone of the inquiry is objective reasonableness under the

circumstances.  Defendant fails to develop an argument as to *why* this evidence is

irrelevant.  The Court thus denies this part of the Motion without prejudice to renewal at

trial.  If Defendant objects to such evidence at trial, he should be prepared to explain

why such evidence is irrelevant.  *See Plumhoff v. Rickard*, 572 U.S. 765 (2014).

## I.      Pain and Suffering Before Death

Defendant asks the Court to determine as a matter of law that Plaintiff is not

entitled to recover damages for any alleged pain and suffering by Strong before his

death, and therefore exclude the presentation of evidence or argument on this issue at

trial.  (ECF No. 130 at 8–9.)  Specifically, Defendant argues that § 1988 instructs the

Court to use Colorado law to determine available damages, and then argues that Colorado law "precludes recovery of any alleged pain and suffering of the decedent in a wrongful death action." (*Id.* at 8.) Plaintiff does not oppose exclusion of this evidence. (ECF No. 153 at 9.)

As discussed above, a motion *in limine* does not test the sufficiency of the evidence, nor may it be a substitute for a summary judgment motion. *Dry Clean Super Ctr.*, 2012 WL 503510, at *4; *Equal Employment Opportunity Comm'n v. Bok Fin. Corp.*, 2014 WL 11730480, at *1 (D.N.M. Feb. 12, 2014) ("It is well-established that a motion *in limine* should not be used to argue that an item of damages may not be recovered as that is the function of a motion for summary judgment, with its accompanying procedural safeguards."); *see also* WJM Revised Practice Standard III.F.1 ("A motion *in limine* that is a veiled motion for summary judgment may also be denied out of hand.").

Despite Plaintiff's non-opposition in its briefing, the Court will not allow Defendant to raise a summary judgment issue in a motion *in limine*. Had this same issue been raised but not opposed on summary judgment, the Court would have had an obligation to *sua sponte* review the sufficiency of Defendant's argument. *See Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) ("a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). The Court thus denies the Motion as it pertains to pain and suffering damages.

The Court strongly recommends that the parties be prepared to address, most

likely in the context of a Rule 50(a) motion by Defendant, whether pain and suffering damages are available to Plaintiff.  The Court also notes that in *Berry v. City of Muskogee*, 900 F.2d 1489 (10th Cir. 1990), the Tenth Circuit found that "supplementing a state survival action with a state wrongful death action does not satisfy the criteria of § 1988 for borrowing state law" because "[a]pplication of state law, at least in some instances, will be inconsistent with the predominance of the federal interest."  *Id.* at 1506; *see Wilson v. City of Lafayette*, 510 F. App'x 775, 784 (10th Cir. 2013) ("[W]e first considered the possibility that we might instead borrow from state law. . . as authorized by 42 U.S.C. § 1988.  We refused to do so." (Briscoe, C.J., concurring in judgment in part and dissenting in part)).

The Tenth Circuit thus concluded that "the federal courts must fashion a federal remedy to be applied to § 1983 death cases" and "make available to plaintiffs sufficient damages to serve the deterrent function central to the purpose of § 1983."  *Berry*, 900 F.2d at 1506–07.  According to that court, appropriate compensatory damages include medical and burial expenses, pain and suffering before death, loss of earnings based on probable duration of victim's life, victim's loss of consortium, and other damages recognized in common law tort actions.  *Id.* at 1507.[1]

---

[1] Defendant seemingly suggests that, in determining the damages available, the Tenth Circuit applied Oklahoma law.  (ECF No. 130 at 8 n.1.)  This reasoning appears to be inconsistent with the text of *Berry* and the Tenth Circuit's subsequent pronouncement that differences between Oklahoma and Colorado law would not change the outcome in *Berry*.  *See Wilson*, 510 F. App'x at 785 ("[T]he fact that Colorado's wrongful death statute may differ from the Oklahoma wrongful death statute at issue in *Berry* does not compel a contrary conclusion." (Briscoe, C.J., concurring in judgment in part and dissenting in part)).  *But see Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 603 (6th Cir. 2006).

**J.      Loss of Consortium and Emotional Distress of Family Members**

Defendant seeks to exclude testimony related to loss of family consortium among the surviving family members.  (ECF No. 130 at 9.)  In response, Plaintiff argues that Strong's heirs may recover under Colorado's wrongful death statute.  (ECF No. 153 at 9–11.)  However, the only remaining claim in this lawsuit is a § 1983 survival claim against Defendant brought by the Estate of Strong.  No family member makes a wrongful death claim under Colorado law.  Therefore, recovery is limited to what is permitted under the survival action.

The Tenth Circuit has determined that the appropriate federal remedy for § 1983 death cases is a survival action brought by the estate of the deceased victim, and concluded that "appropriate compensatory damages would include medical and burial expenses, pain and suffering before death, loss of earnings based upon the probable duration of the victim's life had the injury not occurred, the victim's loss of consortium, and other damages recognized in common law tort actions."  *Berry*, 900 F.2d at 1506–07.  Familial loss of consortium is not an available remedy under this cause of action.  Therefore, loss of consortium of survivors is not relevant to any potential damages.  The Court thus grants this portion of the Motion.  Ms. Lanhisha Richmond, Strong's live-in partner at the time of his death, may not testify on her personal loss of consortium or loss of familial consortium.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS that Defendant's Motion *in Limine* (ECF No. 130) is GRANTED IN PART, DENIED IN PART, and DEFERRED IN

PART, as more fully set forth above.

Dated this 24th day of July, 2019.

BY THE COURT:

William J. Martínez
United States District Judge