# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Civil Action No. 17-cv-1276-WJM-SKC

ESTATE OF JAMES STRONG, JR.,

    Plaintiff,

v.

JASON SCHLENKER,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

This case arises out of the death of James Strong, Jr., in his home during the execution of a no-knock arrest warrant on May 28, 2015. Plaintiff Estate of James Strong, Jr., ("Plaintiff") brought a civil rights action against Defendant Jason Schlenker ("Defendant") under 42 U.S.C. § 1983 for use of excessive force in violation of the Fourth Amendment. The case proceeded to a jury trial commencing on August 12, 2019. After the close of Plaintiff's case, Defendant moved for judgment as a matter of law under Rule 50(a), which the Court took under advisement. (ECF No. 182.) After the close of Defendant's case, Defendant renewed his motion for judgment as a matter of law under Rule 50(a). (ECF No. 184.) Plaintiff made no motion under Rule 50 at any point during the trial. The Court denied Defendant's Rule 50 motion, and allowed the case to be submitted to the jury. (*Id.*) The jury returned a unanimous verdict in favor of Defendant on August 20, 2020. (ECF No. 196.)

Now before the Court is Plaintiff's Motion for New Trial ("Motion"). (ECF

No. 197.)  For the reasons explained below, the Motion is denied.[1]

## I. ANALYSIS

Federal Rule of Civil Procedure 59 allows a court to grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1)(A).  Where, as here, the party's motion for a new trial "asserts that the jury verdict is not supported by the evidence, the verdict must stand unless it is clearly, decidedly, or overwhelmingly against the weight of the evidence."  *M.D. Mark, Inc. v. Kerr-McGee Corp.*, 565 F.3d 753, 762 (10th Cir. 2009) (internal quotation marks omitted).[2]  Such a motion raises a question of fact, and the court must review the record in the light most favorable to the prevailing party.  *Patton v. TIC United Corp.*, 77 F.3d 1235, 1242 (10th Cir. 1996).  Motions for a new trial are "generally committed to a Court's discretion, . . . disfavored[,] and should be granted with caution."  *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 728 F. Supp. 2d 1170, 1184 (D.N.M. 2010).

Plaintiff argues that "the verdict is not based on substantial evidence and therefore is not supported by the weight of the evidence."  (ECF No. 187 at 3.)  In support, it recounts its version of the evidence.  In response, Defendant explains that Plaintiff relies on evidence rebutted or not introduced at trial, and that the verdict is

---

[1] On the same day it filed the Motion, Plaintiff also filed a Notice of Filing of Affidavit (ECF No. 193) and the Affidavit of Lanhisha Richmond (ECF No. 198-1).  Plaintiff does not, however, make any attempt to tie the substance of the affidavit to the Motion.  Accordingly, the Court will not consider the alleged facts in the affidavit.

[2] Without explanation, Plaintiff cites to law mostly outside the Tenth Circuit in support of the standard of review.  (ECF No. 197 at 2–3.)  The Court will apply the law of this circuit, by which it is bound.

supported by the evidence. (ECF No. 201 at 3–9.)

Viewing the record in the light most favorable to Defendant, the Court finds that the verdict is supported by the evidence, and is not "clearly, decidedly, or overwhelmingly against the weight of the evidence." *M.D. Mark*, 565 F.3d at 762. The jury was asked to determine whether Defendant unreasonably used deadly force against Strong during the execution of the warrant. (ECF No. 189 at 18.) In doing so, it was instructed to consider whether deadly force was necessary to prevent Strong's escape, whether Defendant had probable cause to believe that Strong posed a significant threat of serious physical injury to others, or whether it would have been feasible for Defendant to give Strong a warning. (*Id.* at 19–20.)

At trial, the parties introduced conflicting evidence about whether Strong continued to pose a threat after he fell to the floor. Plaintiff claims that "the evidence clearly established" that "Defendant stepped into the master bedroom and continued to shoot at Mr. Strong," despite the fact that Strong had already been shot and was no longer a threat. (ECF No. 197 at 4.) Lanhisha Richmond testified that she saw Defendant enter the room after Strong fell to the ground and fire several shots directly into Strong's body after he no longer posed a threat.

Defendant presented contrary evidence: Defendant and Officer Wilson testified that they saw Strong on the floor, pointing his weapon, and firing at Officer Wilson. (ECF No. 201 at 7.) Defendant also testified that he stopped firing when he saw Strong curl into a fetal position. (ECF No. 203 at 12.) Defendant's expert testified, and Plaintiff's expert conceded, that the injury to Officer Wilson's leg was consistent with Strong firing from the ground. (ECF No. 201 at 7.) A reasonable jury could have

3

credited the testimony of Officer Wilson, both experts, and Defendant, and concluded that Strong still posed a threat when Defendant stepped into the bedroom and fired at Strong. Such a conclusion is not "clearly, decidedly, or overwhelmingly against the weight of the evidence." *M.D. Mark*, 565 F.3d at 762.

The parties also presented conflicting evidence on whether there was a sufficient break in the shooting such that Defendant could have perceived that Strong was no longer a threat. Ms. Richmond testified that there was a clear break in the shooting (ECF No. 201 at 8), whereas Defendant testified that there was only a continuous course of fire (*id.*). Six other officers testified that they did not hear a several-second break in the gunfire. (*Id.*) The jury could have reasonably credited the multiple accounts of the officers and concluded that there was no break in the action during which Defendant could perceive that Strong no longer posed a threat. Again, such a conclusion is not "clearly, decidedly, or overwhelmingly against the weight of the evidence." *M.D. Mark*, 565 F.3d at 762.

Viewing the facts in the light most favorable to Defendant, the Court finds that the jury verdict that Defendant did not unreasonably use excessive, deadly force against Strong is supported by the evidence.

### III. CONCLUSION

For the reasons set forth above, the Court ORDERS that Plaintiff's Motion for New Trial (ECF No. 197) be DENIED.

Dated this 7th day of April, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge